■ JENNIFER DRYSDALE, Appellant, v ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Respondent. [971 NYS2d 165]—

In an action, inter alia, to recover benefits under an automobile insurance policy, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated July 20, 2012, which denied her motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In January 2007, the plaintiff obtained an automobile insurance policy from the defendant which was effective from January 22, 2007, through July 22, 2007. On or about March 7, 2007, the plaintiff reported to the defendant that the insured vehicle had been stolen while parked outside her Brooklyn residence. However, at or around the same time, the vehicle was found on fire on Avenue T in Brooklyn. The New York City Fire Marshal determined that the fire had been deliberately set. Although the plaintiff was arrested in connection with this incident, she was not convicted, as the criminal action was dismissed on speedy trial grounds.

In August 2008, the defendant denied coverage, inter alia, on the ground that the plaintiff made material misrepresentations regarding the loss of the vehicle. Thereafter, the plaintiff commenced this action seeking to recover $30,243.17 under the policy for the loss arising out of the alleged theft of the vehicle. The first cause of action sought damages for the defendant's alleged breach of contract, and the second cause of action sought damages for the defendant's alleged bad faith in disclaiming coverage.

In support of her motion for summary judgment on the complaint, the plaintiff established her prima facie entitlement to judgment as a matter of law by submitting proof that there was a valid policy of insurance covering the subject automobile,

a loss occurred, a timely claim was made, and the loss fell within the terms of the policy (*see Avdeychik v Allstate Ins. Co.*, 303 AD2d 700 [2003]). However, in opposition, the defendant raised a triable issue of fact as to whether the plaintiff had participated in the loss of her vehicle and had thereafter attempted to cover up that participation. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the first cause of action. On the defendant's cross motion for summary judgment, it failed to establish its prima facie entitlement to judgment as a matter of law dismissing the first cause of action, which alleged breach of contract. Therefore, the Supreme Court should have denied that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action.

The Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action, which alleged bad faith in disclaiming coverage, as the defendant established, prima facie, its entitlement to judgment as a matter of law by showing it had a reasonable basis for issuing a letter denying the plaintiff's claim based upon the information available to it at the time. In opposition, the plaintiff failed to raise a triable issue of fact. For the same reason, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action.

The plaintiff's remaining contentions either need not to be reached in light of our determination or are without merit. Dillon, J.P., Roman, Miller and Hinds-Radix, JJ., concur.